UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WATSON, ROBERT WILLIAM JR, 9/11
CERTIFIED SURVIVOR,

               Plaintiff,

-against-

SHARPTON, ALFRED CHARLES JR;
KATRINA JEFFERSON; MURRAY,
SHANNON; O'BRIEN, CONNERY,

               Defendants.

23-CV-9716 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff brings this *pro se* action alleging that Defendants have violated his rights. Named as Defendants are (1) Alfred Charles Sharpton Jr., whom Plaintiff identifies as a Baptist Minister at the House of Justice, and who is popularly known as the Rev. Al Sharpton; (2) Katrina Jefferson, a "Special Coordinator" at the House of Justice; (3) Shannon Murray, whom Plaintiff describes as a "Housing Specialist"; and (4) Connery (or Shannon) O'Brien,[1] whom Plaintiff identifies as a "Clinical Supervisor." By order dated November 21, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint, but grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

---

[1] Plaintiff lists this defendant as Connery O'Brien in the caption to the complaint but lists this defendant's name as Shannon O'Brien in the complaint. Connery O'Brien appears to be the defendant's correct name.

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action under the court's federal question jurisdiction. He states that his claims arise under the following federal statutes, treaties, and constitutional provisions: 42

U.S.C. § 1983, "U.S. Code 310, 315, 320, 360, 362, 365, 370, 371, 380, 440, 443, 445, 446, 550, 555, 560[,] JAMES ZADROGA 9/11 HEALTH AND COMPENSATION ACT OF 2010 PUBLIC LAW (H.R.847: Tooltip Public Law (United States) 111-327." (ECF 1, at 3.)[2]

The following allegations are taken from the complaint, which consists of the court's Complaint for a Civil Case form to which Plaintiff attaches 52 additional pages of allegations and exhibits. Plaintiff is a "sovereign black male" and a "living victim of September 11, 2001 terrorist attacks recently certified by World Trade Center Health Program in 2018." (*Id.* at 4.) His mother passed away on September 11, 2020, "before her 9/11 condition was certified by the WTC Health Program in 2020." (*Id.*)

Plaintiff scheduled a meeting for June 17, 2023, with Sharpton "regarding the [Zadroga Act]." (*Id.* at 6.) "Defendant DEREK PERKINSON[3] received an order from [Sharpton] to remove the Plaintiff from the National Action Network of June 17, 2023. During this process, [Perkinson] allegedly assaulted the Plaintiff by physically pushing and shoving him through a crowd of people." (*Id.*) Sharpton "forgot about the 9/11 survivor's mother's case and, instead, mailed a card to the mother's house." (*Id.* at 8.)

Defendant Shannon Murray, "a white female social worker," "engaged in retaliation against" Plaintiff "involving violations of the [Zadroga Act]." (*Id.* at 7.)

Defendant Katrina Jefferson

sent an email stating that Representative Carolyn B. Maloney would assist with the Plaintiff's September 11 Victim Compensation Fund (VCF) case for the Plaintiff's mother. However, [Jefferson] allegedly sided with a Downtown Goddard white supervisor for political reasons following the events of the President Donald Trump January 6 capital case in Washington, D.C.

---

[2] The Court quotes from the complaint verbatim. All spelling, punctuation, and gramma are as in the original unless otherwise indicated.

[3] Plaintiff does not name Perkinson as a defendant.

3

(*Id.* at 8.) Jefferson and Maloney would not help Plaintiff's mother. (*Id.* at 9.)

Plaintiff was inside the World Trade Center during the September 11, 2001 attacks, and, as a result, he "suffers from certified conditions of the [S]eptember 11th VCF and the Worker's Compensation Board case (WCB) # G214 4778 at 21 Century Optical Wholesale Laboratory 47-00 33rd Street Long Island City, New York." (*Id.* at 13.)

Plaintiff alleges that Defendant Connery O'Brien "called the NYPD on August 23, 2023, in which the defendant allegedly requested the plaintiff's removal from his residence to be detained by NYPD for making Human Rights complaints." (*Id.*) O'Brien "had a duty as a clinical supervisor" and "violated the plaintiff's constitutional rights by allegedly stealing the plaintiff cestqui trust and social security card, then breach the contract." (*Id.* at 13-14.)

Defendant Murray's supervisor, Jennie Drossman, "is accused of unlawfully detaining the plaintiff for six months." (*Id.* at 15.)

Plaintiff further alleges that the VCF helpline as "blocked both VCF claims, suggesting that the Plaintiff's ability to access the [VCF] may have been hindered." (*Id.*) The World Trade Center Health Program has blocked Plaintiff's phone number "which may be related to their ability to access health care benefits or services provided under the Act." (*Id.*)

Plaintiff attaches various identification cards, medical records, documents from the World Trade Center Health Program describing covered treatment for Plaintiff's 9/11-related injuries; excerpts from decisions rendered by the New York State Workers' Compensation Board; social media screenshots; excerpts from a 2017 letter from the law firm Barasch McGarry stating that Plaintiff is registered with the Zadroga Victim Compensation Fund; and documents concerning Plaintiff's placement in various shelters.

4

Plaintiff seeks money damages "as specified in the James Zadroga 9/11 Health and Compensation Act of 2010 due to an alleged breach of contract." (*Id.* at 5.)

Plaintiff has previously filed another action in this court in which he names O'Brien, Sharpton, and Jefferson as defendants. *See Watson v. O'Brien*, ECF 1:23-CV-8958, 1 (S.D.N.Y. filed Oct. 11, 2023). Although the complaint in that action is also difficult to understand, it appears to include some allegations that overlap with those set forth in this complaint. By order dated November 27, 2023, the Court dismissed that action for failure to state a claim on which relief may be granted, but grant Plaintiff 30 days' leave to replead his claims. ECF 1:23-CV-8958, 5.

## DISCUSSION

**A.      Claims under 42 U.S.C. § 1983**

The Court must dismiss Plaintiff's claims of federal constitutional violations under 42 U.S.C. § 1983. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). "The traditional definition of acting under color of state law requires that the defendant . . . exercise[] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49 (internal quotation marks and citation omitted). "Because the United States Constitution regulates only the Government, not private parties, [with respect to a claim brought under Section 1983,] a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." *Flagg v. Yonkers Sav. & Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) (internal quotation marks and citation omitted). Private parties generally are not state actors, and therefore are not usually liable under Section 1983. *Sykes v. Bank of Am.*, 723 F.3d

5

399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).

To the extent that Plaintiff asserts claims under Section 1983 against Sharpton, Jefferson, Murray, and O'Brien, who all appear to be private citizens,[4] he does not allege any facts that show that any of the defendants were acting under color of state law when they allegedly injured Plaintiff. The Court therefore dismisses Plaintiff's constitutional claims under Section 1983 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.     Claims arising from the September 11, 2001 terrorist attacks**

Plaintiff seems to assert claims arising from injuries that he may have sustained as a result of the September 11, 2001 terrorist attacks. Because it appears that he may have filed a claim with the September 11th Victim Compensation Fund ("VCF"), however, he has probably waived his right to bring those claims. Congress provided two options to persons to assert claims arising from injuries incurred as a result of the September 11, 2001 terrorist attacks: the VCF or a traditional lawsuit. If the claimant chooses to file with the VCF, that filing operates as a waiver of the right to file a civil action. Section 405 of the Air Transportation and Safety and System Stabilization Act ("ATSSSA"), Pub L. No. 107-42, 115 Stat. 230 (2001) (codified at 49 U.S.C. § 40101 note), states that "[u]pon the submission of a [VCF] claim . . . , the claimant waives the right to file a civil action (or be a party to an action) in any Federal or State court for damages sustained as a result of the terrorist-related aircraft crashes of September 11, 2001." ATSSSA,

---

[4] Plaintiff alleges that Sharpton and Jefferson are employed by the National Action Network, a private organization. He describes Murray as a "Housing Specialist" and provides an email address for her that indicates she is employed by Goddard, which is a non-profit organization. He describes O'Brien as a "Clinical Supervisor" and provides an email address for him that indicates he is employed by the Center for Urban Community Services, which is also a non-profit organization.

§ 405(c)(3)(B)(i).⁵ The United States Court of Appeals for the Second Circuit has held that this waiver provision is unambiguous, and that it "clearly states that [VCF] claimants waive their right to bring civil actions resulting from any harm caused by the 9/11 attacks[.]" *Virgilio*, 407 F.3d at 112-13; *see id.* at 115 (noting that subsequent amendments "reinforce the view that the plain and broad language of [S]ection 405(c)(3)(B)(i) already encompassed any claim for damages sustained as a result of the terrorist-related aircraft crashes" (footnote omitted)).

To the extent that Plaintiff has filed a claim with the VCF, he has waived his right to bring any claim for damages, not excluded from the abovementioned waiver, that arises from any harm that he allegedly sustained as a result of the September 11, 2001 terrorist attacks. The Court therefore dismisses those claims for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii); *Virgilio v. Motorola & City of New York*, No. 03-CV-10156, 2004 WL 433789, at *2 (S.D.N.Y. Mar. 10, 2004) (granting the defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6) because, in filing VCF claims, the plaintiffs had waived, under Section 405(c)(3)(B)(i), their right to bring a civil action for damages), *aff'd*, 407 F.3d 105 (2d Cir. 2005).

The Court, however, grants Plaintiff leave to replead those claims in an amended complaint in which he alleges facts showing that he has not filed a claim with the VCF, and therefore has not waived his right to assert those claims.

---

⁵ This waiver does not include any "civil action to recover collateral source obligations." ATSSSA § 405(c)(3)(B)(i) The term "collateral source" is defined in the ATSSSA as "all collateral sources, including life insurance, pension funds, death benefit programs, and payments by Federal, State, or local governments related to the terrorist-related aircraft crashes of September 11, 2001." ATSSSA, § 402(4) (codified at 49 U.S.C. § 40101 note). The Aviation and Transportation Security Act ("ATSA"), Pub. L. No. 107-71, 115 Stat. 597 (2001), later amended the ATSSSA to allow VCF claimants "to sue individuals responsible for the attacks notwithstanding the waiver." *Virgilio v. City of New York*, 407 F.3d 105, 109 (2d Cir. 2005) (citing ATSA, § 201(a), codified at 49 U.S.C. § 40101 note).

C.   **Claims under state law**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).[6]

## LEAVE TO REPLEAD

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

---

[6] The Court could also consider Plaintiff's state law claims if it had diversity of citizenship jurisdiction of such claims. To establish diversity of citizenship jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege that the plaintiff and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). Because Plaintiff alleges that he and Defendants all reside in the State of New York, it appears on the face of the complaint that the Court does not have diversity of citizenship jurisdiction of Plaintiff's state law claims.

8

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid under Section 1983 and/or arising from injuries he allegedly sustained as a result of the September 11, 2001 terrorist attacks, the Court grants Plaintiff 30 days' leave to replead his claims in an amended complaint.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

The Court dismisses the complaint for failure to state a claim on which relief may be granted, see 28 U.S.C. § 1915(e)(2)(B)(ii), but grants Plaintiff 30 days' leave to replead his claims in an amended complaint, as specified above. If Plaintiff fails to file an amended complaint within the time allowed, or does not show cause to excuse such failure, the Court will direct the Clerk of Court to enter judgment dismissing this action for the reasons stated in this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated: January 2, 2024
      New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge