UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WATSON, ROBERT WILLIAM JR, 9/11
CERTIFIED SURVIVOR,

                Plaintiff,

-against-

SHARPTON, ALFRED CHARLES JR;
KATRINA JEFFERSON; MURRAY,
SHANNON; O'BRIEN, CONNERY,

                Defendants.

23-CV-9716 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff brings this action *pro se* and *in forma pauperis* ("IFP"). By order dated January 2, 2024, the Court dismissed the complaint but granted Plaintiff 30 days' leave to replead his claims in an amended complaint. The Court's order was mailed on January 5, 2024. On January 5, 2024, the Plaintiff filed an amended complaint (ECF 6), and on January 25, 2024, he filed a document labeled, "Motion to Request Motion to Amend Complaint" (ECF 7). Because it is doubtful that Plaintiff had received the Court's order to amend at the time he filed the amended complaint, and in light of Plaintiff's *pro se* status, the Court will construe both the amended complaint and the "Motion to Request Motion to Amend Complaint" as a single amended pleading. For the reasons set forth below, the Court dismisses this action.

## BACKGROUND

      In Plaintiff's original complaint, he invoked the court's federal question jurisdiction, alleging that Defendants violated his civil rights. Named as Defendants were (1) Alfred Charles Sharpton Jr., popularly known as the Rev. Al Sharpton; (2) House of Justice "Special Coordinator" Katrina Jefferson; (3) "Housing Specialist" Shannon Murray; and (4) "Clinical Supervisor" Connery O'Brien. (*See* ECF 1, at 2.) In short, Plaintiff alleged that Sharpton,

Jefferson, and Murray failed to assist him in pursuing Plaintiff's mother's efforts to obtain relief stemming from injuries incurred as a result of the September 11, 2001 terrorist attacks; Murray retaliated against Plaintiff in an unspecified manner for unspecified reasons; and O'Brien called the police on Plaintiff and breached an unspecified contract. The complaint also included allegations that Plaintiff was in the vicinity of the World Trade Center on September 11, 2001, and that he may have applied for and/or received benefits from the September 11, 2001 Victim's Compensation Fund ("VCF") arising from injuries sustained during the attacks.

By order dated January 2, 2024, the Court dismissed Plaintiff's constitutional claims under 42 U.S.C. § 1983 for failure to state a claim because all defendants are private parties and private parties cannot be held liable under Section 1983. (ECF 5.) The Court construed the complaint as also attempting to assert claims arising from injuries Plaintiff sustained as a result of the September 11, 2001 terrorist attacks. Because Plaintiff appeared to allege that he had filed a claim with the VCF, however, the Court determined that he had likely waived his right to bring those claims in federal court. The Court therefore dismissed those claims, but granted Plaintiff leave to replead those claims in an amended complaint in which he alleges facts showing that he has not filed a claim with the VCF, and therefore has not waived his right to assert those claims. Finally, the Court noted that Plaintiff had failed to allege facts demonstrating that the Court had diversity of citizenship jurisdiction to consider any state law claims he may be asserting, and declined, under 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction of any such claims.

The facts alleged in the amended complaint are substantively similar to those alleged in the original complaint. Sharpton, Jefferson, and Murray did not help Plaintiff, possibly with respect to his mother's claims related to September 11. Plaintiff alleges that O'Brien and Murray "breached the HIPPA contracts they had signed for the September 11th VCF Help." (ECF 6, at

7.) Like the original complaint, the amended complaint includes various attachments. Plaintiff enumerates claims for relief for negligence and breach of contract.

Plaintiff's "Motion to Request Motion to Amend Complaint" (hereinafter "motion") sets forth a series of seemingly unrelated facts. Plaintiff alleges that he "has exhausted all administrative remedies since the start of certification for the WORLD TRADE CENTER (WTC) Health Program Health + Hospital and the September 11th Victim Compensation Fund (VCF) Programs since June 8, 2017. (which are two separate entities)." (ECF 7, at 1.) He states that he filed an "[a]ssault [c]omplaint" against a National Action Network security director because the director assaulted him at the direction of Defendant Sharpton. (*Id.*) "After [the] assault Plaintiff went to Allah School Street Academy Nation of Gods and Earths on 2122 Adam Clayton Powell Jr Blvd, 'ALLAH AND JUSTICE WAY' NEW YORK NEW YORK in the United States of America." (*Id.* at 1.) He also states, "Father's Day was June 18, 2023 32nd NYPD would not take complaint." (*Id.* at 2.)

In his motion, Plaintiff references New York State Workers Compensation Board case numbers, without providing any additional information or context. He states that his "September 11th VCF Personal Injury Appeal" is still pending. (*Id.*) As in the original complaint, he alleges that Jennie Drossman, a supervisor at the non-profit Goddard who is not named as a defendant, "unlawfully imprison[ed]" him. (*Id.*) Plaintiff told Defendants Jefferson and Sharpton about the death of his mother on September 12, 2020. He alleges that he "exhausted all administrative remedies in 2018 with in Department of Homeless Services." (*Id.* at 3.) Finally, Plaintiff alleges that a supervisor who answered the September 11th VCF Helpline told Plaintiff "to file a civil law suit on her for his claimed in 2021 for the death of his mother on 9/11/2020." (*Id.*) He also provides his mother's VCF case number.

3

## DISCUSSION

Plaintiff's amended complaint and motion, considered together, do not cure the deficiencies identified in the Court's January 2, 2024 order. He again names Sharpton, Jefferson, Murray, and O'Brien as defendants, but he alleges no facts suggesting that they are state actors who may be held liable under Section 1983. The Court therefore dismisses Plaintiff's Section 1983 claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

With respect to his claims arising from injuries sustained in the September 11, 2001 terrorist attacks, Plaintiff does not allege any facts showing that he has not filed a claim with the VCF. In fact, he states that he "has exhausted all administrative remedies" with the VCF (ECF 7, at 1), and he attaches documents showing that he did file a claim with the VCF (*see* ECF 6, at 21 (letter from the law firm of Barasch McGarry Salzman & Penson stating that it had registered a claim in his name with the VCF); *id.* at 49 (letter to Plaintiff from VCF acknowledging receipt of amendment to his claim); *id.* at 69-70 (excerpts from Plaintiff's VCF claim form).) The Court therefore dismisses Plaintiff's claims arising from harm he experienced as a result of the September 11, 2001 attacks for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Virgilio v. Motorola & City of New York*, No. 03-CV-10156 (AKH), 2004 WL 433789, at *2 (S.D.N.Y. Mar. 10. 2004) (granting the defendants' motion to dismiss under Fed. R. Civ. P. 12(b)(6) because, in filing VCF claims, the plaintiffs had waived their rights to bring a civil action for damages), *aff'd*, 407 F.3d 105 (2d Cir. 2005).

For the first time in his amended pleading, Plaintiff alleges that O'Brien and Murray "breached the HIPAA contracts they had signed" (ECF 6, at 7), which the Court understands to be a reference to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). The Court must dismiss any claims Plaintiff may be asserting under HIPAA, however, because

4

HIPAA does not provide a private right of action. *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 244 (2d Cir. 2020). The Court therefore dismisses any claims Plaintiff may be asserting under HIPAA for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff again appears to assert claims under state law. As stated in the Court's January 2, 2024 order of dismissal, because Plaintiff alleges that he and Defendants all reside in the State of New York, it appears on the face of the amended complaint that the Court does not have diversity of citizenship jurisdiction, under 28 U.S.C. § 1332, of his state law claims.

Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

The Court dismisses this action for failure to state a claim on which relief may be granted for the reasons stated in this order and the Court's January 2, 2024 order of dismissal. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The Clerk of Court is directed to terminate all pending motions.

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment for the reasons stated in this order and the Court's January 2, 2024 order of dismissal (ECF 5).

SO ORDERED.

Dated:  February 26, 2024
        New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge